RALPH BEDIENT, Plaintiff, *v.* KATHLEEN BEDIENT, Defendant.

Supreme Court, Special Term, Queens County, September 9, 1947.

*Freeman & Hyman* for defendant.

*Visel & McDermott* for plaintiff.

HALLINAN, J. In an action for divorce defendant wife moves for an order (1) restoring this case to the trial calendar from the military suspense calendar; (2) for temporary alimony for herself; (3) for temporary support for her children; (4) for counsel fees in the action; (5) for an order enjoining plaintiff from procuring a foreign divorce; (6) for an order of arrest, and (7) for counsel fees for this application.

Plaintiff consents that the case be restored to the trial calendar and that suitable alimony and counsel fees be fixed commensurate with his income but opposes the application for an injunction and for an order of arrest.

Injunctions have been granted restraining residents from procuring divorce decrees in other States (*Palmer* v. *Palmer*, 50 N. Y. S. 2d 329, affd. 268 App. Div. 1010; *Selkowitz v. Selkowitz*, 179 Misc. 608). Plaintiff's objection, however, is that he is not a resident of New York, and he argues that he

should not be enjoined from resorting to the courts of his own State for any relief whatsoever. Defendant disputes plaintiff's claimed nonresidence, but the facts establish that plaintiff is a bona fide resident of Connecticut. The parties were married in New York in December, 1937, but settled in Connecticut immediately after the honeymoon. Since 1939 plaintiff has been employed in the Post Office in Connecticut and has resumed his position there since his return from the military service. In 1943 defendant moved for an order *inter alia* directing plaintiff to post a bond as security for costs by reason of the fact that he is "and at all times was a non-resident of this State;" (Defendant's Notice of Motion dated July 6, 1943). In her affidavit in support of that motion, sworn to July 6, 1943, defendant stated "6. Furthermore the plaintiff is a non-resident of this State * * *." Defendant's present contention that plaintiff is a resident of New York is based on the fact that when plaintiff was discharged from the military service he gave as his forwarding address the residence of his parents in New York. Plaintiff explains that after the parties separated in the Spring of 1942, he closed his apartment and lived in a furnished room until he entered the Army in September 1942, and that, therefore, when he was discharged from the service he had no address of his own anywhere. He now lives in Connecticut. His explanation is entirely reasonable and eminently satisfactory.

Ordinarily this court would hesitate to restrain a nonresident, even though personally served with process in New York, from prosecuting any action in the State where he unquestionably resides. But in this case the plaintiff voluntarily invoked the jurisdiction of the New York courts by commencing this action. He should not be permitted to nullify any judgment defendant may obtain on her counterclaim by now instituting and simultaneously maintaining another action in another State. Accordingly, the motion for an injunction will be granted.

No justification has been shown for an order of arrest, and, accordingly, in the discretion of the court, that branch of the motion will be denied.

A previous motion for alimony and counsel fees was made in 1943. The question of counsel fees was left to the trial court for determination. Alimony was denied at that time because the plaintiff was then in the military service and had made an allotment to the defendant, who was also employed. The allotment has now, of course, ceased and plaintiff asks the court to award temporary alimony and counsel fees "commensurate

with the ability of deponent to pay." His salary is $108.40 semimonthly. Accordingly, alimony will be fixed in the sum of $54.20 semimonthly and counsel fees will be allowed in the sum of $200, payable one half within ten days after the service of a copy of the order to be entered hereon, and the balance when the case first appears upon the day calendar. This case should be tried promptly.

Settle order.