ANNABELLE THORNTON THURSTON v. DOC JONES THURSTON.

(Filed 11 April, 1962.)

**1. Divorce and Alimony § 16—**

In an action for alimony without divorce, allegations that defendant packed his bags, left home, stating at the time that he was moving to Florida to get a "quickie" divorce, *held* proper in implementing the allegations of defendant's wilful abandonment of plaintiff without cause.

THURSTON *v.* THURSTON.

**2. Divorce and Alimony § 8—**

Where the husband wilfully and without cause separates himself from his wife and child, his action constitutes an abandonment within the purview of G.S. 50-7(1) notwithstanding after the abandonment he continues to make voluntary monthly contributions for their support.

**3. Divorce and Alimony § 16—**

Allegations to the effect that defendant husband wilfully separated himself from his wife and child without just cause state a cause of action for alimony without divorce on the ground of abandonment notwithstanding that it appears from the complaint that the husband continued to make monthly payments for their support, since the wife is entitled to the security of a court order to guarantee her future support as well as that of the child. G.S. 50-16.

**4. Divorce and Alimony § 1; Injunctions § 11—**

In an action for alimony without divorce, the wife, upon proper allegation and evidence, is entitled to enjoin the husband from instituting or prosecuting an action for divorce in another state until the issues in her action can be finally determined, since a foreign decree of divorce would prejudice her rights not judicially determined before the entry of such decree, the order being directed not against a foreign court but against the husband personally who had been personally served with process.

SHARP, J., took no part in the consideration or decision of this case.

*Certiorari* on defendant's application to review orders of *Bundy, J.,* and *Copeland, S.J.,* September 1961 Term, WILSON Superior Court.

The plaintiff instituted this civil action on July 20, 1961, for alimony without divorce. She alleged (1) marriage of the parties on September 14, 1935; (2) birth of one child, Leigh, on October 4, 1953; (3) residence of the parties in Wilson from the date of the marriage until October 7, 1960; (4) the defendant wilfully abandoned the plaintiff without cause, removed his personal belongings from the home and announced he was leaving with intent to go to Florida where he might as well get a "quickie" divorce; (5) thereafter he rented an apartment in Jacksonville, Florida, and negotiated for the purchase of a cottage at Jacksonville Beach in that State; (6) the defendant owns property consisting in the main of stock in Thurston Motor Lines of a value in excess of one and one-quarter million dollars and has an annual income in excess of $100,000; (7) the plaintiff is without means of support for herself and the child. In paragraph 19 of the complaint, the plaintiff alleges:

"Since the abandonment defendant has periodically, about once a month, deposited in a bank to the plaintiff's credit, the sum of $400.00. With the defendant, in addition, paying taxes, insurance,

the expenses of plaintiff's automobile, some servants and numerous other expenses, plaintiff has managed to buy the necessities of life for herself and her daughter, using the automobile, clothing, household furnishings, etc., which she already had. Plaintiff has no assurance or security for the continuance of said payments and they may be discontinued at any moment at the whim of the defendant, and if he succeeds in procuring a divorce, they will certainly be cut off. Plaintiff is vulnerable to instantaneous impoverishment at the will of the defendant."

The plaintiff asked relief as follows: (1) that she be awarded reasonable subsistence and counsel fees, including a *pendente lite* allowance; (2) that the defendant be enjoined and restrained from instituting and prosecuting an action for divorce in any state other than North Carolina pending the final determination of this action.

The defendant, after personal service, filed motions (1) to strike certain allegations of the complaint; (2) to dismiss on demurrer for failure to state a cause of action and for misjoinder of causes; and (3) to dismiss the temporary restraining order.

Pursuant to an order by Judge Bundy, the motions were heard at Wilson on October 5, 1961. At the hearing Judge Copeland allowed in part and overruled in part the motion to strike, overruled the demurrer, and after making extensive findings of fact, entered an order allowing alimony *pendente lite* and counsel fees. With respect to the restraining order, the court found facts and made disposition as follows:

"1. That it appears from the plaintiff's complaint, treated as an affidavit, and not controverted on this record, that the plaintiff and defendant are husband and wife having one child, seven years of age, that the defendant, without just cause or reason, and without adequate provocation on the part of the plaintiff, on October 8, 1960, wilfully and deliberately abandoned his family within the meaning of G.S. 50-7(1).

"2. That there is probable cause that the plaintiff will be able to establish her asserted right to an allowance for subsistence and counsel fees out of the estate or earnings of her husband.

"3. That it appears from the plaintiff's complaint treated as an affidavit and not controverted on this record, that the defendant, immediately after he abandoned the plaintiff, announced to the plaintiff his intention of establishing his residence immediately in the State of Florida, and moved some or all of his personal effects to the State of Florida to a rented apartment and that he has recently purchased or rented a house at Jacksonville Beach,

Florida, representing the same to be his residence; that on October 8, 1960, the defendant made statements to the plaintiff reasonably calculated to lead her to believe, and she does believe, that the defendant intends to bring an action against her in the courts of Florida to divorce the plaintiff; that the plaintiff resides in North Carolina; that Wilson County is the marital domicile; that plaintiff has practically no income of her own and all of her witnesses reside in North Carolina and it would do irreparable harm to the plaintiff if she were forced to defend an action for divorce in a foreign state; that there is reasonable ground for apprehension that the defendant may apply for a divorce in Florida and the plaintiff reasonably fears that a divorce decree granted to the defendant in the State of Florida, prior to the rendition of the final decree in this case, would do her irreparable harm in that such a divorce decree, rendered prior to the final decree in this case, would, under the provisions of G.S. 50-11, destroy the plaintiff's right to any relief and tend to make any judgment in her favor ineffectual.

"4. Irreparable loss, or its equivalent, may reasonably be apprehended unless the temporary restraining order is continued to the final hearing of this case.

"5. The plaintiff has no adequate remedy at law, by which she may protect herself from the defendant's threatened action against her for divorce in a foreign state.

"WHEREFORE, it is now ordered, considered, adjudged, and decreed that the defendant, D. J. Thurston, be and he is hereby enjoined and restrained from instituting or prosecuting any action against the plaintiff seeking to obtain a divorce of the defendant from the plaintiff in any state other than North Carolina until after the final determination of this action.

"Done at Wilson, North Carolina, this 5th day of October, 1961. J. William Copeland, Judge Presiding."

The defendant excepted and appealed.

*Lucas, Rand & Rose; Gardner, Connor & Lee, By W. A. Lucas, Raymond M. Taylor for defendant appellant.*

*Battle, Winslow, Merrell, Scott & Wiley, By F. E. Winslow, John Webb for plaintiff appellee.*

HIGGINS, J. The defendant's assignments of error challenge the court's action in (1) refusing to strike additional allegations of the complaint, (2) refusing to sustain the demurrer, (3) entering the order

for alimony *pendente lite,* (4) granting the order restraining the defendant, pending this action, from instituting a suit for divorce other than in the courts of North Carolina.

The defendant's Assignments 1 and 2 cut into each other. The defendant first moved that certain allegations with respect to abandonment be stricken and, second, that his demurrer be sustained upon the ground the complaint does not allege facts to show that the defendant has separated himself from his wife and has failed to provide her and their child with adequate support.

The complaint alleges a wilful abandonment without cause, without consent, and against the wishes of the plaintiff. By way of detail the plaintiff alleges that on October 8, 1960, defendant packed his bags, left the home, stating at the time he was moving to Florida where "he might as well get a quickie divorce."

The defendant is not prejudiced by the court's refusal to grant his motion to strike. The allegations to which he objects do not violate the rules of good pleading. Counsel argue the demurrer should be sustained for that the complaint does not allege failure to provide adequate support and hence fails to allege abandonment. *Justice Bobbitt,* for this Court, in *Pruett v. Pruett,* 247 N.C. 13, 100 S.E. 2d 296, settled the question against defendant's contentions: "A wife is entitled to her husband's society and to the protection of his name and home in cohabitation. A permanent denial of rights may be aggravated by leaving her destitute or mitigated by a liberal provision for her support, but if the cohabitation is brought to an end without justification and without the consent of the wife and without the intention of renewing it, the matrimonial offense of desertion is complete." (citing authorities)

A defendant may not abandon his wife and defeat an action under G.S. 50-7(1) by making voluntary payments which he may abandon at will. In *Butler v. Butler,* 226 N.C. 594, 39 S.E. 2d 745, the defendant was obligated to make payments but threatened to get a divorce and stop them. The Court said: "This Court is of the opinion that the jurisdiction of the court invoked under G.S. 50-16 is not barred by the separation agreement pleaded, and that within the frame of her present action, the plaintiff may seek such relief as she may be entitled to have. . . . In so far as the jurisdiction of that court is concerned, the husband might have quit the payments at any time he saw fit. She was entitled to the security of a court order." *Caddell v. Caddell,* 236 N.C. 686, 73 S.E. 2d 923.

A wife's complaint states a cause of action for alimony without divorce under G.S. 50-16 if it alleges separation without providing subsistence, if the husband is drunkard or spendthrift, or "be guilty of

any misconduct or acts that would be or constitute cause for divorce, either absolute or from bed and board." G.S. 50-7 states the grounds for divorce from bed and board: "(1) If either party abandons his or her family." Thus plaintiff's complaint states a cause of action for alimony without divorce on the ground he has abandoned his family. *McDowell v. McDowell,* 243 N.C. 286, 90 S.E. 2d 544; *Caddell v. Caddell, supra; Cameron v. Cameron,* 235 N.C. 82, 68 S.E. 2d 796. On authority of the above and many other cases of like import, the court was required to overrule the demurrer.

The defendant alleges error in granting the order restraining the defendant from instituting a divorce proceeding in a foreign state. The court's findings of fact upon which it based the order are heretofore stated in full. The evidence sustains the findings. In fact, the defendant does not allege lack of evidentiary support. The order is challenged on two grounds, one of which has been disposed of against the defendant by our holding the plaintiff has stated a cause of action.

As a second ground, the defendant contends the plaintiff does not show danger, either real or apparent, that the plaintiff is likely to suffer irreparable injuries. On this subject, Am. Jur., 17A, Divorce and Separation, § 998, p. 182, says: "In accord with the general rules concerning the power of one state to enjoin the commencement or prosecution of an action in another state or country, a court of equity of a state in which the parties have had their matrimonial domicile and in which one of them continues to reside has the power, under appropriate circumstances, to enjoin the other from procuring a divorce in another jurisdiction. The plaintiff in a pending divorce action may, when jurisdiction over the defendant has been obtained, be entitled to an order enjoining the defendant from prosecuting a subsequent action for divorce in another state before the former action is determined."

The order issued by Judge Copeland is not directed against any foreign court. It is not directed against any official of such court. It is directed only against the defendant in this action who has been personally served with process in a proceeding involving the marital rights and obligations of the parties whose domicile has been Wilson County since their marriage in 1935. The purpose of the order is to prevent the defendant from going to a foreign jurisdiction and instituting an action for absolute divorce requiring the plaintiff to contest the action if she is able to find out where it is brought or compelling her to challenge the judgment by overcoming its *prima facie* effect under the full faith and credit clause of the United States Constitution. The defendant should be required to set up and litigate in North Carolina any defense he may have to the action pending here.

*Childress v. Motor Lines*, 235 N.C. 522, 70 S.E. 558. It would be inequitable for the defendant to be permitted to delay the plaintiff's day in court and defeat any just claim she may be able to establish by acquiring a "quickie" divorce elsewhere. The objections to a restraining order discussed in *Evans v. Morrow*, 234 N.C. 600, 68 S.E. 2d 258, and cases cited, are not present in this action. The equities alleged are sufficient to support the restraining order and to justify the court in continuing it to the hearing.

The orders of the superior court brought here for review by the *writ of certiorari* are

Affirmed.

SHARP, J., took no part in the consideration or decision of this case.