Mrs. Della M. STEWARD, Plaintiff-Appellant,

v.

Honorable E. Gordon WEST, U. S. District Judge, Defendant-Appellee.

No. 71–2762.

United States Court of Appeals, Fifth Circuit.

Sept. 23, 1971.

Doris Falkenheiner, Baton Rouge, La., for plaintiff-appellant.

Carlos G. Spaht, James M. Field, Baton Rouge, La., for defendant-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

BY THE COURT:

■■ It is ordered that appellant's motion for writs of certiorari, prohibition and mandamus, filed in the above styled and numbered cause, is hereby denied. The extraordinary writs are extraordinary, and extraordinarily cumbersome. We decline to issue those writs except upon a strong showing of the necessity for their use. Even petitioner's uncontradicted affidavits do not demonstrate a substantial likelihood that she will be evicted or threatened further before the district court holds a hearing on her motion for a preliminary injunction. We have been informed that this hearing has been scheduled for October 12, 1971—only a few days from today. For defendant below now to commence state court eviction proceedings, summary as they are, would constitute a maneuver obviously designed to forestall petitioner's day in federal court and to deprive her of the roof over her head before that day. We cannot assume that the defendant intends to embark upon so highly questionable a course of action.

■ The petitioner also asks us to order the district court to allow her to proceed *in forma pauperis*. From the scant record presented to us on this petition, we cannot evaluate the petitioner's financial position with any assurance of accuracy. We do observe that the plaintiff swore, under penalty of perjury, that she has no assets and no income except forty dollars a month she receives in gifts from relatives and friends. We note that the petitioner has met the eligibility standards for the federal rent subsidy program and that she is represented here by the Legal Aid Society of Baton Rouge, which has eligibility standards of its own. These are strong weathervanes of poverty. Yet there is room to infer that the petitioner is not presently eligible for welfare. On this record, and without the benefit of any expression of the district court's reasons for denying Mrs. Steward's petition, we hesitate to rule on her petition in this Court. We think, though, that so long as the petitioner continues to pay her rent, it is very unlikely that the defendant will suffer any harm during the pendency of Mrs. Steward's efforts to protect herself and her children from eviction. We hold therefore that Mrs. Steward need not post security for her injunctive action so long as she continues to pay her rent promptly. *Cf.* Fed. R.Civ.P. 65(c). We remand the case to the district court for reconsideration and elaboration of its reasons for denying the petition to proceed below *in forma pauperis*.

The petition for extraordinary writs is denied and the cause is remanded for further proceedings consistent with this order.