OPINION OF THE COURT
Howard E. Levitt, J.
The within applications by plaintiff to serve an amended complaint and for a trial preference, defendant’s cross motion *455 to stay the instant action and defendant’s motion to vacate a preliminary injunction restraining her from prosecuting her divorce action in the State of Washington, are disposed of as hereinafter set forth.
On August 2, 1977, defendant wife, a resident and domiciliary of the State of Washington since March, 1977, commenced an action for divorce against plaintiff husband in the Superior Court, County of King, in the State of Washington. The summons and petition for dissolution of marriage were served personally on plaintiff husband in Seattle, Washington, on August 2, 1977.
On or about August 12, 1977, plaintiff husband moved in Washington to quash the summons and petition for dissolution of marriage on the grounds, inter alia, that defendant wife was not a resident or domiciliary of Washington and that, notwithstanding personal service of the summons upon him in Seattle, the Washington court lacked personal jurisdiction over him.
On or about August 25, 1977, plaintiff husband commenced this action for a separation in Supreme Court, Nassau County. Service against the defendant wife was accomplished in the State of Washington. Thereafter, and while plaintiff husband’s jurisdictional motion was sub judice in Washington, he moved for a preliminary injunction in this court restraining defendant wife from prosecuting her prior action for divorce in Washington pending the determination of this action. Plaintiff husband had appeared through counsel in the Washington action to argue that defendant wife’s action for a divorce should be quashed, specifically raising the issue of defendant wife’s domicile.
Plaintiff husband’s motion to quash was denied by order of the Washington court on September 29, 1977. That order stated:
"This matter, coming on for hearing and petitioner wife and respondent husband being represented by their attorneys through briefs, affidavits and oral arguments,
"It is hereby ordered that the court has jurisdiction to adjudicate the marital status, property division, custody of the minor children and all other relevant issues regarding the marriage of the * * * petitioner wife and respondent husband in the above captioned case.”
However, on November 16, 1977 plaintiff husband’s motion *456 for a preliminary injunction was granted by order of Mr. Justice Albert. That order provided in pertinent part:
"This Court clearly has jurisdiction of plaintiff’s separation action by reason of plaintiff’s residence. The issue raised in plaintiff’s separation action, to wit, abandonment without justification, should be resolved in the New York forum prior to the defendant continuing her out-of-State action (see Lowe v. Lowe, 41 Misc. 2d 258) since it is well settled that a wife may not acquire a different domicile from that of her husband without justification (see 11 Zett-Edmonds-Schwartz, New York Civil Practice, § 3.07).
"Accordingly, plaintiff’s motion to restrain defendant from prosecuting her Washington Divorce action against plaintiff is granted pending the determination of his New York separation action.”
Defendant wife has moved for an order vacating the preliminary injunction upon the grounds that it should not have been granted because it was based on the "outmoded concept” that a wife may not acquire a domicile apart from her husband without justification. Her authority for this is section 61 of the Domestic Relations Law which now provides that "[T]he domicile of a married man or woman shall be established for all purposes without regard to sex” (L 1976, ch 62, §2).
Plaintiff husband has moved to amend his complaint from an action for a separation to one for a divorce as well as requesting a calendar preference.
In addition, defendant wife cross-moved to stay plaintiff husband’s action pending the determination of her prior action for divorce in the State of Washington and to strike the action from the Trial Calendar or prevent it from being placed on the calendar.
Plaintiff husband’s temporary injunction must be vacated.
Section 61 of the Domestic Relations Law was amended in 1976 as to sex distinctions. The Law Revision Commission recommendation specifically notes that Matter of Daggett (255 NY 243), relied on by plaintiff husband, which held that a married woman’s domicile is that of her husband, has been considerably eroded over the years by case law. A wife now has the same capacity to acquire a domicile of choice as does her husband. The common-law concept that a wife, by operation of law, automatically is assigned the domicile of her *457 husband no longer applies (see 1 Foster and Freed, Law and the Family, § 5:15 [Supp 1977]).
In granting the temporary injunction we merely maintained the status quo until the bona tides of defendant wife’s alleged Washington domicile were determined. The afore-mentioned findings of the Superior Court of Washington establish that defendant wife’s domicile in the State of Washington is indeed bona fide. Further injunctive relief therefore must be denied (Williams v North Carolina, 317 US 287). Any continuance of such an injunction by our courts would be "an unwarranted interference with the orderly judicial processes of another State” (Bauer v Bauer, 16 Misc 2d 560, 561).
Plaintiff husband’s New York action for separation is stayed for the reason that it was brought subsequent to defendant wife’s divorce action in the State of Washington (CPLR 3211, subd [a], par 4). The fact that plaintiff husband wants to amend his complaint from one of separation to divorce leaves no doubt that the causes of action are the same (see Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3211:15, pp 21-23). Plaintiff husband’s motion to serve the amended complaint is granted but, in light of the above, no preference is warranted at this time.