CITIZENS FOR A BETTER ENVIRONMENT, an Illinois Not-For-Profit Corporation, Registered in Wisconsin, and Martin H. Wojcik, Plaintiffs,

v.

VILLAGE OF ELM GROVE, WISCONSIN, Thomas W. Godfrey, Gordon Behnke, James W. Nortman, Robert Hough, Margaret Farrow, Mark F. Vetter, Gordon Leitner and Carl Krueger, Defendants.

No. 78–C–670.

United States District Court, E. D. Wisconsin.

July 5, 1979.

Edhlund & Rachofsky by Sandra A. Edhlund, Milwaukee, Wis., for plaintiffs.

Davis, Kuelthau, Vergeront, Stover & Leightfuss by Thomas G. Boyer, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On December 19, 1978, I entered a decision and order granting the plaintiffs' motion for a preliminary injunction. I also enjoined the defendants from enforcing chapter 20, Elm Grove village ordinances, against the plaintiffs or their canvass representatives on any two consecutive weekdays designated by the plaintiffs prior to May 31, 1979. Finally, I ordered that the plaintiffs post $500 security with the clerk of this court, pursuant to Rule 65(c), Federal Rules of Civil Procedure.

On May 15 and 16, 1979, the plaintiffs conducted their canvass in the village of Elm Grove. This action is currently before me on the plaintiffs' motion for release of the $500 bond they previously posted.

The purpose of the security requirement is to protect the restrained party from damages incurred by that party as a result of the wrongful issuance of an injunction. *Commerce Tankers v. National Maritime Union of America*, 553 F.2d 793, 800 (2d Cir.), cert. denied, 434 U.S. 923, 98 S.Ct. 400, 54 L.Ed.2d 280 (1977); 7 Moore's Federal Practice ¶ 65.09. The district judge has the discretion to determine what amount of security, if any, is necessary to protect the enjoined party's interest. *Wayne Chemical, Inc. v. Columbus Agency Service Corp.*, 567 F.2d 692, 701 (7th Cir. 1977); *Scherr v. Volpe*, 466 F.2d 1027, 1035 (7th Cir. 1972). It follows from these propositions that when the reasonable possibility of damage to the enjoined party has passed, a district judge may in his discretion release the bond.

The sole purpose served by the bond posted in this case was to protect the defendants in case of damages arising from the plaintiffs' canvass. The defendants urge that it is too early to assess if any damages will arise from the canvass, since it is possible that village residents may at some time in the future complain about the canvass which would in turn require the village to expend money to investigate the complaint.

In my judgment, at this time the potential for damage to the defendants as a result of the canvass is too remote to justify the continued holding of the bond in question. The plaintiffs' canvass was conducted over a month and a half ago. The record indicates that neither the plaintiffs nor the defendants have received any complaints regarding the canvass. Under these circumstances, I believe that the defendants' opposition to the release of the bond is unwarranted and that the plaintiffs' motion should be granted, with costs.

Therefore, IT IS ORDERED that the plaintiffs' motion for release of the $500 bond previously posted in this case be and hereby is granted.

IT IS ALSO ORDERED that the clerk of this court release the $500 bond to the plaintiffs' attorney.

IT IS FURTHER ORDERED that costs on this motion in the sum of $150 be awarded in favor of the plaintiffs and against the defendants. Payment should be made to the clerk of this court within fourteen days of the date of this order; upon receipt thereof, the clerk shall disburse said sum to the plaintiffs' attorneys.