JOHN E. KEITH v. CHARLES H. DAY AND ACE TOWN & COUNTRY HARD-WARE STORE

No. 8210SC21

(Filed 1 February 1983)

1. **Injunctions § 16; Rules of Civil Procedure § 65— preliminary injunction—posting of bond—discretion of court**

     The trial court has the authority under G.S. 1A-1, Rule 65(c) to dispense with the requirement of security by an applicant granted a preliminary injunction where the restraint will do the defendant no material damage, where there has been no proof of likelihood of harm, and where the applicant has considerable assets and is able to respond in damages if defendant does suffer damages by reason of a wrongful injunction.

2. **Injunctions § 16; Rules of Civil Procedure § 65— preliminary injunction—necessity for consideration of bond**

     The trial court erred in entering a preliminary injunction requiring defendant to close his hardware store for violation of a covenant not to compete without considering whether plaintiff should be required to post a bond pursuant to G.S. 1A-1, Rule 65(c).

APPEAL by defendants from *Preston, Judge.* Judgment filed 18 November 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 20 October 1982.

Defendant Charles Day was ordered, by preliminary injunction, to close a hardware store operated by him in Raleigh, North Carolina. Plaintiff stated in his supporting affidavit, *inter alia,* that he would be irreparably harmed if defendant continued to run his store, and that operation of the hardware store violated the terms of a covenant not to compete entered into by the parties. Plaintiff was not required to post a bond prior to entry of the injunctive relief.

*Hunter, Wharton & Howell, by John V. Hunter, III, for defendant appellant.*

*Kimzey, Smith & McMillan, by James M. Kimzey, for plaintiff appellee.*

BECTON, Judge.

I

Defendant first argues that the entry of the preliminary injunction by the trial court without requiring plaintiff to post a bond pursuant to N.C. Gen. Stat. § 1A-1 Rule 65(c) (1969) was fatal to the validity of that order. This is apparently a case of first impression for this Court as neither party nor our own research discloses any reported North Carolina decisions that address the precise issue of the Rule 65(c) security requirement. Generally, there are three areas of inquiry attendant to the grant of injunctive relief: whether there exists an adequate remedy at law, *Durham v. Public Service Co.,* 257 N.C. 546, 126 S.E. 2d 315 (1962); whether the facts show a reasonable probability of substantial and irreparable injury to the applicant from the activity of which it complains, *Goodman Toyota v. City of Raleigh,* 47 N.C. App. 628, 267 S.E. 2d 714 (1980), *rev'd on other grounds,* 301 N.C. 84, 277 S.E. 2d 690 (1980); and whether security is required of the applicant. The trial court failed to consider whether security should be required of this applicant. We thus vacate its order and remand this matter for proceedings in accord with our analysis below.

II

Because of the dearth of North Carolina precedent, and the fact that Rule 65(c) of the North Carolina Rules of Civil Procedure was adopted *verbatim* from the Federal Rules of Civil Procedure,

we look to federal decisions interpreting this section for guidance.

Rule 65(c) provides in pertinent part:

No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, *in such sum as the judge deems proper*, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. [Emphasis added.]

The effect of the language, "no . . . injunction shall issue except upon the giving of security . . ." is more subtle than one would expect from words so apparently unambiguous. Since the purpose of the security requirement is to protect the restrained party from damages incurred as a result of the wrongful issuance of the injunctive relief, the trial court has the discretion to determine what amount of security, if any, is necessary to protect the enjoined party's interests. *Citizens v. Village of Elm Grove*, 472 F. Supp. 1183 (E.D. Wisc. 1979). For example, it is well-settled that no security is required when a preliminary injunction is issued to preserve the trial court's jurisdiction over the subject matter involved. *Bivens v. Board of Public Education*, 284 F. Supp. 888 (D.C. Ga. 1967). It is equally clear that when it is likely that the party against whom injunctive relief is granted will suffer damages, an undertaking should be required of the party seeking relief. *Steward v. West*, 449 F. 2d 324 (5th Cir. 1971). This principle is a long-standing one. The reported North Carolina decision, although handed down before the adoption of the Federal Rules of Civil Procedure, supports this conclusion.

*Burnett v. Nicholson*, 79 N.C. 548 (1878), was an appeal from the trial court's denial of a wrongfully restrained defendant's request for recovery in damages. In affirming the denial of damages to the defendant for injuries resulting from the closing of his mill by reason of a temporary restraining order, the Supreme Court rule that ". . . the party applying to the clerk . . . [for injunctive relief] shall first give a written undertaking with sufficient sureties . . . [to assure payment to the person enjoined] such damages . . . 'as he may sustain by reason of the injunction, if the Court shall finally decide that the plaintiff was not entitled thereto.'" *Burnett* at 549. Thirty-six years later the United States Court of Appeals for the Fourth Circuit held that when large in-

terests are involved and a plaintiff sues to prohibit someone from exercising a right normally theirs, a very substantial bond should be required. *Robinson v. Benbow*, 298 F. 561, 572 (4th Cir. 1924).

[1]  Consequently, we agree with plaintiff that the ". . . as the court deems proper" language of the rule means that there are some instances when it is proper for no security to be required of a party seeking injunctive relief. It is also true that any rule that can be put in a nutshell belongs there; this rule is no exception. We therefore state the rule for North Carolina practice under Rule 65(c), in its entirety as follows:

> [T]he [trial court] has power not only to set the amount of security but to dispense with any security requirement whatsoever where the restraint will do the defendant "no material damage," [citations omitted] where there "has been no proof of likelihood of harm," [citations omitted] and where the applicant for equitable relief has "considerable assets and [is] . . . able to respond in damages if [defendant] does suffer damages by reason of [a wrongful] injunction" [citations omitted].

*Federal Prescription Service, Inc. et al. v. American Pharmaceutical Assoc.*, 636 F. 2d 755, 759 (D.C. Cir. 1980).[1] It remains then to apply this rule to the facts of the case *sub judice*.

[2]  Defendant had operated his business for over a year when the injunction issued. Arguably, a two-year shut-down of defendant's store would wreak havoc upon relationships with suppliers, clientele, and creditors, not to mention the likelihood of the total destruction of that all important asset, good will. We conclude that any order that precludes one from earning a livelihood and that has the potential to destroy that person's means of income production for years to come is too potent to issue without security. It is inherent in the use of discretion that it be exercised. Thus, it was reversible error, not necessarily to have failed to require bond, but to have failed expressly to consider the question of requiring a bond. *Reinders Brothers v. Rain Bird*, 627 F. 2d 44 (7th Cir. 1980); *Roth v. Bank*, 583 F. 2d 527 (6th Cir. 1978), *cert.*

---

1. We are aware that exceptional circumstances—for example, cases in which the movant is an indigent or a governmental entity—call for a different rule; as these factors are not present we express no opinion concerning them.

*granted,* 440 U.S. 944, 59 L.Ed. 2d 632, 99 S.Ct. 1420, *cert. dismissed,* 442 U.S. 925, 61 L.Ed. 2d 292, 99 S.Ct. 2852. Since there is no evidence in the record before us of plaintiff's ability to respond in damages should defendant be found to have been wrongfully enjoined, nor evidence that the trial court considered the likelihood of material damage and harm to the defendant upon entry of its order, we are compelled to find that the court below erred in failing to consider whether plaintiff should post a bond for defendant's protection.

Thus, the order of the trial court is vacated and the matter is remanded for proceedings not inconsistent with this opinion.

Vacated and remanded.

Judges HEDRICK and WEBB concur.