NADEAN O. HUFF v. CLARENCE WRIGHT (PETE) HUFF, III

No. 8330DC669

(Filed 3 July 1984)

1. Injunctions § 10.1— irreparable injury—sufficiency of evidence

  A finding that plaintiff wife, who had filed a divorce action in this state, would suffer irreparable injury for which she had no adequate remedy at law in the absence of an order restraining defendant husband from proceeding with a subsequent Florida divorce action was supported by evidence that, if

---

---

plaintiff were required to litigate the divorce action in Florida, she would incur the cost of travel to and from Florida on several occasions prior to trial, she would incur temporary living expenses during trial and additional attorney fees, issues nearly identical to those raised in this state would be litigated and determined pursuant to laws and procedures different from those of the state in which the parties resided when plaintiff's action was instituted, and such dual litigation could result in similar or identical issues being resolved in a contradictory manner.

**2. Injunctions § 10.1; Rules of Civil Procedure § 65 — ex parte restraining order — absence of service on defendant or counsel**

An *ex parte* order restraining defendant husband from proceeding with a Florida divorce action or from commencing any additional suits arising out of the marital contract was not defective for want of service on defendant or his counsel. G.S. 1A-1, Rule 65(b).

**3. Injunctions § 10.1 — restraining action in another state**

Where the trial court had personal jurisdiction over defendant husband, the court found that defendant had not denied residency in North Carolina, and plaintiff wife filed an action for divorce from bed and board in this state, the trial court had the power to restrain defendant from proceeding with a subsequent Florida action for an absolute divorce.

**4. Injunctions § 16; Rules of Civil Procedure § 65 — restraining suit in another state — failure to require posting of security**

The trial court did not err in restraining defendant husband from proceeding with a Florida divorce action without requiring plaintiff wife to post security since (1) defendant's Florida action could be viewed as a type of interference with plaintiff during the pendency of her previously filed divorce action; (2) one purpose of the restraining order was to preserve the court's jurisdiction over the subject matter involved; and (3) the record established no material damage or likelihood of harm to defendant husband from issuance of the restraining order and established that plaintiff wife had considerable assets with which to respond in damages for the wrongful issuance of the order. G.S. 1A-1, Rule 65(c).

APPEAL by defendant from *Leatherwood, Judge.* Order entered 3 March 1983 in District Court, HAYWOOD County. Heard in the Court of Appeals 10 April 1984.

*Elmore & Powell, P.A., by Bruce A. Elmore, Jr., for plaintiff appellee.*

*Riddle, Shackelford & Hyler, P.A., by Robert E. Riddle, for defendant appellant.*

WHICHARD, Judge.

## I.

The parties were married to each other and resided in Haywood County, North Carolina, but maintained a residence in Florida as well. On 30 July 1982 plaintiff-wife filed for divorce from bed and board in Haywood County. Defendant-husband filed a "motion, answer and counterclaim" in response. Thereafter, on 4 January 1983, defendant-husband filed for absolute divorce in Palm Beach County, Florida.

Upon motion of plaintiff the trial court in Haywood County issued an *ex parte* order restraining defendant-husband from proceeding with the Florida action or from commencing any additional suits arising out of the marital contract. It did not require any security from plaintiff-wife as a condition precedent to issuance of the order.

From this order, defendant-husband appeals.

## II.

[1] Defendant-husband contends the court erred in entering the order upon plaintiff's unverified motion and without making findings of fact to establish irreparable damage. He also contends entry of the order was "defective" because neither the motion nor the order was served on him or his counsel of record.

G.S. 1A-1, Rule 65(b) states, in pertinent part:

A temporary restraining order may be granted without notice to the adverse party if it clearly appears from specific facts shown by affidavit or by *verified complaint* that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon.

(Emphasis supplied.) The order indicates that in entering its findings of fact and conclusions of law, the court considered plaintiff-wife's complaint, which was verified as required for consideration under G.S. 1A-1, Rule 65(b), together with other pleadings in this case and pleadings filed in the Florida court. The verified complaint here alleges that the parties are citizens and residents of Haywood County, and had been for six months prior to com-

mencement of this action. The order indicates that the court took that into account, together with the following considerations:

If plaintiff-wife were required to litigate the divorce action in Florida, she would incur the cost of travel to and from Florida on several occasions prior to trial (including a trip to meet with a family conciliation counselor in Florida nine days after the Florida complaint was filed, as ordered by the Florida court). She also would incur temporary living expenses during trial and additional attorney's fees. Issues identical or nearly identical to those raised here would be litigated, and the rights of the parties would be determined, pursuant to laws and procedures different from those of the state in which the parties resided when this action was instituted. Such dual litigation could result in similar or identical issues being resolved in a contradictory manner, thereby leading to further conflict, further litigation, and additional expense to plaintiff-wife.

These considerations justified the conclusion that absent the restraining order, plaintiff-wife would suffer irreparable injury for which she had no adequate remedy at law.

[2]    The order was not "defective" for want of service on defendant-husband or his counsel. G.S. 1A-1, Rule 65(b) expressly provides for granting a temporary restraining order without notice to the adverse party. The purpose of such an order, issued *ex parte*, is "to preserve the status quo" pending a full hearing. *See Lambe v. Smith*, 11 N.C. App. 580, 582, 181 S.E. 2d 783, 784 (1971) (quoting 7 Moore's Federal Practice § 65.05 (2d ed. 1970) ). The initial restraining order here directed subsequent appearance by the parties to show cause why the order should not be continued. The subsequent appearance was continued for one day by consent of counsel for both parties. Defendant-husband appeared and testified at the subsequent hearing. His contention that the order is "defective" for want of service on, or notice to, him or his counsel, is thus without merit.

### III.

[3]    Defendant-husband contends the court erred in restraining him from proceeding with the Florida action for absolute divorce. We find no error.

In *Thurston v. Thurston*, 256 N.C. 663, 124 S.E. 2d 852 (1962), an action by a wife for alimony without divorce, our Supreme Court affirmed an order restraining the husband from "seeking to obtain a divorce . . . from the plaintiff in any state other than North Carolina until after the final determination of this action." *Id.* at 666, 124 S.E. 2d at 853. It quoted with approval the following from 17A Am. Jur. *Divorce and Separation* § 998, at 182-83 (1957):

> In accord with the general rules concerning the power of one state to enjoin the commencement or prosecution of an action in another state or country, a court of equity of a state in which the parties have had their matrimonial domicile and in which one of them continues to reside has the power, under appropriate circumstances, to enjoin the other from procuring a divorce in another jurisdiction. The plaintiff in a pending divorce action may, when jurisdiction over the defendant has been obtained, be entitled to an order enjoining the defendant from prosecuting a subsequent action for divorce in another state before the former action is determined.

256 N.C. at 668, 124 S.E. 2d at 855.

The parties have stipulated that defendant-husband was duly served with summons. Proper service, combined with subject matter jurisdiction, empowered the court to exercise personal jurisdiction over defendant-husband. G.S. 1-75.6.

Given personal jurisdiction, the court had authority, pursuant to *Thurston*, to issue the restraining order. We find defendant-husband's effort to distinguish *Thurston* unavailing, and the cases from other jurisdictions on which he relies (*Kleinschmidt v. Kleinschmidt*, 343 Ill. App. 539, 99 N.E. 2d 623 (1951), and *Smith v. Smith*, 364 Pa. 1, 70 A. 2d 630 (1950)) distinguishable. Unlike defendant-husband here, the husbands held improperly restrained from bringing foreign actions in those cases had been the first spouse to bring an action relating to the marital contract.

The facts here more closely resemble those in *Brown v. Brown*, 120 R.I. 340, 387 A. 2d 1051 (1978). The spouses in *Brown* were domiciled in Rhode Island when the wife commenced an action for divorce from bed and board. The husband entered a

general appearance, but later established domicile in Maryland where he commenced an action for absolute divorce. The trial court in Rhode Island enjoined him from proceeding with the Maryland divorce action, and the Supreme Court of Rhode Island affirmed. It held that the Rhode Island court had obtained personal jurisdiction over the husband for purposes of the suit, and that "jurisdiction continued . . . regardless of [his] place of domicile." *Id.* at 344, 387 A. 2d at 1054.

The *Brown* court noted that "the better view is . . . that a person's bona fide domicile in another state 'is not determinative . . . [but] is a factor to be weighed with all the others.' " *Id.* at 347 n. 4, 387 A. 2d at 1055 n. 4 (quoting *Stambaugh v. Stambaugh*, 458 Pa. 147, 164-65, 329 A. 2d 483, 492 (1974) (Roberts, J., dissenting)). It further noted that "[f]oreign domicile is less significant . . . where the courts of the injunctive state have acquired jurisdiction of a matrimonial action between the parties prior to establishment of the foreign domicile and institution of the foreign action." *Id.* at 345, 387 A. 2d at 1055. It upheld the injunction (1) "in order to prevent a multiplicity of suits," (2) "because of the possibility of conflicting decisions on . . . issues common to both suits," and (3) because the Rhode Island trial court "had an interest in preserving its prior jurisdiction over [the] controversy." *Id.* at 346, 387 A. 2d at 1055; *see also Psaty v. Psaty*, 93 Misc. 2d 454, ---, 402 N.Y.S. 2d 779, 781 (Sup. Ct. 1978) (husband's action for separation stayed because brought subsequent to wife's action for divorce); *Immerman v. Immerman*, 134 N.Y.S. 2d 296, 298 (Sup. Ct. 1954) ("when a cause is once in a court which has jurisdiction of the subject matter and the parties, that court will retain jurisdiction to the exclusion of other courts"); *Bedient v. Bedient*, 190 Misc. 480, ---, 74 N.Y.S. 2d 456, 457 (Sup. Ct. 1947) (husband who "voluntarily invoked the jurisdiction of the New York courts by commencing . . . action . . . not . . . permitted to nullify any judgment [wife might] obtain on her counterclaim by . . . simultaneously maintaining another action in another state").

The considerations on which the *Brown* court based its decision are present here. The trial court here properly found from the record that defendant-husband had not denied residency in North Carolina. As noted, the court had personal jurisdiction over him, and it clearly had such over plaintiff-wife. " '[A] court . . . which has acquired jurisdiction of the parties, has power, on

Huff v. Huff

proper cause shown, to enjoin them from proceeding with an action in another state . . . .'" *Childress v. Motor Lines*, 235 N.C. 522, 531, 70 S.E. 2d 558, 564 (1952) (quoting 43 C.J.S. *Injunctions* § 49, at 499). The "courts of a State where both parties are domiciled may restrain the prosecution of suits between such parties in a foreign jurisdiction." *Carpenter v. Hanes*, 162 N.C. 46, 48, 77 S.E. 1101, 1101 (1913). The court thus had power to issue the restraining order. Given the considerations which prompted the court's action—*viz*, the cost to plaintiff-wife of defending the Florida action, the possibility of conflicting resolutions of identical issues, and the resultant possibility of further conflict and further litigation—we hold the order a proper exercise of the court's power.

## IV.

[4] Defendant contends the court erred in issuing the restraining order without requiring, as a condition precedent, that plaintiff-wife post security. G.S. 1A-1, Rule 65(c) states, in pertinent part:

> No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the judge deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. . . . In suits between spouses relating to support, alimony, custody of children, separation, divorce from bed and board, and absolute divorce no such security shall be required of the plaintiff spouse as a condition precedent to the issuing of a temporary restraining order or preliminary injunction enjoining the defendant spouse from interfering with, threatening, or in any way molesting the plaintiff spouse during pendency of the suit . . . .

The trial court specifically stated in its order that "[n]o security shall be required of the Plaintiff . . . since this is a suit between spouses relating to divorce from bed and board, alimony, temporary alimony, possession of personal property and attorney fees." We believe it properly could view defendant-husband's Florida action as a type of "interfering with . . . plaintiff . . . during pendency of [this] suit." Its restraining order thus fell within the G.S. 1A-1, Rule 65(c) express exclusion from the usual security requirements.

Further, this Court has stated that "it is well-settled that no security is required when a preliminary injunction is issued to preserve the trial court's jurisdiction over the subject matter involved." *Keith v. Day*, 60 N.C. App. 559, 561, 299 S.E. 2d 296, 297 (1983). It is at least implicit in the findings and conclusions that one purpose of the restraining order was to preserve the court's jurisdiction over the subject matter involved.

Finally, this Court has indicated that the rule for North Carolina practice under G.S. 1A-1, Rule 65(c) is that the trial court has power to dispense with any security requirement where the restraint will do defendant " 'no material damage,' . . . where there 'has been no proof of likelihood of harm,' . . . and where the applicant for equitable relief has 'considerable assets and [is] . . . able to respond in damages if [defendant] does suffer damages by reason of [a wrongful] injunction.' " *Keith, supra*, 60 N.C. App. at 562, 299 S.E. 2d at 298 (quoting *Federal Prescription Service, Inc. et al. v. American Pharmaceutical Assoc.*, 636 F. 2d 755, 759 (D.C. Cir. 1980) ). The record establishes no material damage or likelihood of harm to defendant-husband from issuance of the restraining order. It also establishes that plaintiff-wife has considerable assets with which to respond in damages if defendant-husband subsequently is found to have suffered from wrongful issuance of the order.

We find no abuse of the court's discretion in its failure to require that plaintiff post security as a condition precedent to issuance of the restraining order.

Affirmed.

Judges WEBB and HILL concur.