IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1072

Filed 20 May 2026

Johnston County, No. 23CV005789-500

JOY DENISE SMITH and WILLIE LAMAR SMITH, Plaintiffs,

v.

FORGE CREEK AT FLOWERS PLANTATION HOMEOWNERS ASSOCIATION, INC., Defendant.

Appeal by Defendant from orders entered 18 April 2024 by Judge Thomas H. Lock and 7 April 2025 by Judge Paul A. Holcombe, III, in Johnston County Superior Court. Heard in the Court of Appeals 22 April 2026.

> *McAngus Goudelock & Courie, PLLC, by Luke Andrew Dalton and Megan Reilly-Dreas, for Defendant-Appellant.*
>
> *Spence, Carter & Reed, P.A., by Robert A. Spence, Jr., for Plaintiffs-Appellees.*

COLLINS, Judge.

Defendant Forge Creek at Flowers Plantation Homeowners Association, Inc., ("HOA") appeals from an order granting a preliminary injunction in favor of Plaintiffs Joy and Willie Smith ("Smiths") and an order granting summary judgment to the Smiths and denying the HOA's competing motion for summary judgment. The dispute arises from the Smiths' expansion of their driveway beyond the limits of a conditional approval issued by the HOA's Architectural Review Committee ("ARC"). Because genuine issues of material fact exist as to whether the ARC exercised its

SMITH V. FORGE CREEK AT FLOWERS PLANTATION HOMEOWNERS ASS'N, INC.

*Opinion of the Court*

discretionary authority in an arbitrary or unreasonable manner, we vacate the order granting summary judgment to the Smiths, affirm the order denying the HOA summary judgment, and remand for trial. We also vacate the preliminary injunction because the trial court failed to consider the security requirement of Rule 65(c) of the North Carolina Rules of Civil Procedure.

## I.    Background

Forge Creek is a planned community governed by recorded Declarations of Covenants, Conditions, and Restrictions ("Declarations") and Design Guidelines ("Guidelines"). The Smiths own a residence on Lot 115 in Forge Creek. Their lot, like all lots in the subdivision, is subject to the Declarations and the Guidelines.

Article IV of the Declarations establishes architectural standards and a review procedure for improvements and modifications. Before commencing any "Work" within the scope of Article IV, a lot owner must submit an application to the ARC and obtain prior written approval. The Declarations provide, "each Owner agrees that no activity within the scope of this Article ('Work') shall be commenced on such Owner's Unit unless and until the [ARC] has given prior written approval for such Work[.]"

The Guidelines specify that "[p]roposed changes in drives or parking pad additions must be submitted to the ARC[.]" The ARC may approve, approve with conditions, deny, or request additional information. An "approval with conditions" means "the overall proposal is accepted, but with certain specified changes, limitations, or requirements that must be followed."

SMITH V. FORGE CREEK AT FLOWERS PLANTATION HOMEOWNERS ASS'N, INC.

*Opinion of the Court*

The Guidelines also set out "Review Criteria," including "Relationship of Structures and Adjoining Property," "Design Compatibility," and "Scale." "Compatibility" is defined as "harmony in style, scale, materials, and color and construction details," and "[s]cale" refers to the "three-dimensional size of the proposed change" in relation to adjacent structures and surroundings. The Declarations expressly state that "[d]ecisions may be based on purely aesthetic considerations" and that such determinations are "purely subjective." The Guidelines further provide that an exterior change made without required ARC approval "constitutes a violation," and that fines of up to $100 per day may be levied until the violation is corrected.

The Smiths own a three-bedroom home. They contend that, due to lot configuration and house placement, their driveway is shorter than those serving smaller two-bedroom homes in the subdivision, which can accommodate four vehicles, while their driveway accommodates only two. After the HOA restricted use of nearby overflow parking, the Smiths sought to widen their driveway to accommodate a third vehicle.

In early 2023, the Smiths submitted an application to the ARC to expand their driveway by four feet to the left and three feet to the right. The proposed expansion would extend the driveway past the exterior foundation of the house on the left and into the entrance walkway area on the right.

SMITH V. FORGE CREEK AT FLOWERS PLANTATION HOMEOWNERS ASS'N, INC.

*Opinion of the Court*

The ARC reviewed the application by conducting a site visit, considering the Guidelines, and considering other driveways in the community. On 21 and 24 March 2023, the ARC sent the Smiths an email indicating that their application had been approved pending certain conditions. Attachments to the email included a letter titled "ARC APPROVED WITH CONDITIONS," which explained the necessary modifications to the application, and a marked photograph showing the modifications. The conditional approval allowed the driveway to be widened with concrete "only as wide as noted in the two attachments."

The marked photograph indicated that the driveway could be widened to the "outside foundation corner of house" and could not "encroach into the entrance walkway area." The Smiths concede they received the conditional approval but initially asserted they did not receive the attachments. Later, they stated they believed the attachments were simply the plans they had submitted. The original emails produced in discovery indicate that the attachments were included.

Despite the conditional approval, the Smiths proceeded with a driveway expansion consistent with their original, wider proposal. After seeing red paint markings on the lawn, the ARC sent a 17 April 2023 email reminding the Smiths of the conditional approval and reattaching the conditions. The ARC explained:

> We believe the request to extend the width of the driveway past the outside garage foundation wall and past the foundation wall into the view of the front door entrance to the house is an excessive widening of the driveway and does not meet . . . the Design Compatibility or Scale

SMITH V. FORGE CREEK AT FLOWERS PLANTATION HOMEOWNERS ASS'N, INC.

*Opinion of the Court*

requirement of the Forge Creek ARC Guidelines Review Criteria. A driveway this wide with vehicle parking would block too much of the house's view from the road and would not be proportional in scale or in design compatibility to the house or other houses in the neighborhood.

The Smiths nonetheless proceeded. The ARC chairman later observed concrete forms set beyond the approved limits. On 25 April 2023, the ARC sent a second email stating that the driveway expansion as formed was larger than approved and warning that continued noncompliance could result in fines.

The Smiths completed the larger driveway expansion. The HOA's evidence indicates that the widening exceeded the approval by 18 inches on the left and 14 inches on the right. The Smiths' own measurements show an overage of approximately 17.5 inches on the left and 9.5 inches on the right. The Smiths now park three vehicles on the driveway and one in the garage.

The HOA sent a Warning Notice on 11 May 2023, advising that fines and/or remedial action could follow if the driveway was not brought into compliance by 12 June 2023. After a hearing on 21 June 2023, the HOA issued a decision requiring the Smiths to modify the driveway to conform to the conditional approval by 28 July 2023, or incur a fine of $50 per day. The Smiths did not modify the driveway. On 9 August 2023, the HOA notified them that fines would accrue from 29 July 2023 until compliance.

The Smiths filed a complaint on 23 October 2023 seeking (1) a declaration that their driveway expansion was permissible and the fines invalid and (2) preliminary

SMITH V. FORGE CREEK AT FLOWERS PLANTATION HOMEOWNERS ASS'N, INC.

*Opinion of the Court*

and permanent injunctive relief. After a hearing, the trial court entered a preliminary injunction on 18 April 2024, enjoining the HOA from enforcing fines and other remedies. The order included detailed findings, including that the HOA's withholding of approval was "not reasonable" and "arbitrary," and that the denial of the additional inches of driveway was unreasonable in light of other front-yard improvements in the subdivision. The order did not address security under Rule 65(c).

On 19 March 2025, the HOA moved for summary judgment, relying on affidavits of the ARC chair and HOA president, the Declarations and the Guidelines, and photographic evidence of driveways throughout the community. The Smiths filed their own motion for summary judgment on 27 March 2025, expressly relying on the preliminary injunction order and submitting affidavits, including their own and those of two neighbors opining that the driveway expansion was aesthetically acceptable and consistent with the neighborhood.

After a hearing, the trial court entered an order on 7 April 2025 granting summary judgment in favor of the Smiths. The HOA timely appealed both the preliminary injunction and the summary judgment order.

## II. Discussion

### A. Summary Judgment

The HOA first argues that the trial court erred by granting summary judgment to the Smiths and not to the HOA.

SMITH V. FORGE CREEK AT FLOWERS PLANTATION HOMEOWNERS ASS'N, INC.

*Opinion of the Court*

We review a trial court's grant of summary judgment de novo. *In re Will of Jones*, 362 N.C. 569, 573 (2008). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2025). We view the evidence in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor. *Hardin v. KCS Int'l., Inc.*, 199 N.C. App. 687, 695 (2009).

"[R]estrictive covenants are contractual in nature," and the "acceptance of a valid deed incorporating covenants implies the existence of a valid contract with binding restrictions." *Moss Creek Homeowners Ass'n v. Bissette*, 202 N.C. App. 222, 228 (2010). "The original parties to a restrictive covenant may structure the covenants, and any corresponding enforcement mechanism, in virtually any fashion they see fit." *Bodine v. Harris Vill. Prop. Owners Ass'n*, 207 N.C. App. 52, 60 (2010) (citation omitted). "[R]estrictive covenants that grant broad discretionary power to architectural review committees to approve all construction in subdivisions are enforceable." *Raintree Homeowners Ass'n v. Bleimann*, 342 N.C. 159, 163 (1995) (citation omitted). An architectural review committees' exercise of its authority to approve plans "cannot be arbitrary," however. *Id.* (citation omitted). The review committee must make its decision "reasonably and in good faith." *Id.*

a. *Violation of the Declarations and the Guidelines*

- 7 -

SMITH V. FORGE CREEK AT FLOWERS PLANTATION HOMEOWNERS ASS'N, INC.

*Opinion of the Court*

The Declarations and the Guidelines in this case explicitly require prior written approval for driveway changes and provide that exterior changes made without required approval are violations.

The parties agree that the driveway as constructed is larger than the approved footprint. The ARC's conditional approval limited the expansion to the outside foundation corner of the house and prohibited encroachment into the entrance walkway area. The HOA's measurements show an overage of 18 inches on the left and 14 inches on the right. The Smiths' own measurements show an overage of approximately 17.5 inches and 9.5 inches, respectively. Because the Smiths' driveway, as built, exceeds the dimensions of the ARC's written conditional approval, this is a violation of the Declarations and the Guidelines.

This violation, however, does not end our analysis. The Smiths' claims and defenses turn on whether the ARC's exercise of its discretionary authority—specifically, its refusal to approve the full width requested and its insistence on a narrower expansion—was arbitrary, unreasonable, or in bad faith.

### b. *The ARC's Exercise of Its Discretionary Authority*

The HOA contends that the ARC's decision was a proper exercise of its contractual discretion, grounded in the Review Criteria, and applied uniformly. The Smiths contend that the ARC's decision was arbitrary and unreasonable, particularly given the small dimensional difference at issue and the variety of other front-yard improvements the HOA has allowed.

SMITH V. FORGE CREEK AT FLOWERS PLANTATION HOMEOWNERS ASS'N, INC.

*Opinion of the Court*

The HOA presented evidence that the ARC followed the procedures set forth in the Declarations and the Guidelines: it received the application, conducted a site visit, considered the Review Criteria, and compared the proposed expansion to other driveways in the community. The ARC concluded that extending the driveway past the exterior foundation on the left and into the entrance walkway on the right would be an "excessive widening" that did not meet the "Design Compatibility or Scale" requirements. The ARC explained that a driveway "this wide with vehicle parking would block too much of the house's view from the road and would not be proportional in scale or in design compatibility to the house or other houses in the neighborhood."

The HOA also submitted photographic evidence and an affidavit from its president indicating that no other home in Forge Creek has a driveway extending past the exterior foundation or in front of the entrance. From this evidence, a factfinder could conclude that the ARC applied the Review Criteria in a consistent, community-wide manner, and that its decision was within the broad aesthetic discretion granted by the Declarations.

The Smiths, however, presented evidence that could support a finding that the ARC's decision was arbitrary or unreasonable under the circumstances.

First, they emphasize the scale of the deviation. Their measurements show that the driveway exceeds the ARC's approved footprint by approximately 17.5 inches on the left and 9.5 inches on the right. They argue that denying this small additional width, while allowing the bulk of the expansion, is not rationally related to the stated

SMITH V. FORGE CREEK AT FLOWERS PLANTATION HOMEOWNERS ASS'N, INC.

*Opinion of the Court*

concerns about blocking the view of the house or disrupting proportionality. They also note that much of the additional width is on the outside (left), away from the primary view of the house.

Second, the Smiths presented evidence that smaller two-bedroom homes in the subdivision have longer driveways that can accommodate four vehicles, while larger three-bedroom homes, including theirs, have shorter driveways that accommodate only two. They argue that the ARC's refusal to allow a modest widening that would permit a third vehicle, while smaller homes enjoy more generous parking, is unreasonable and inconsistent with the stated goal of protecting property values and marketability.

Third, the Smiths submitted photographs and testimony regarding other front-yard improvements in Forge Creek that, in their view, have a greater aesthetic impact than their driveway expansion but were allowed by the ARC. The Smiths do not contend that these improvements are improper; rather, they argue that the ARC's willingness to approve such visible and non-matching alterations, while refusing to allow an additional 17.5 and 9.5 inches of matching concrete flush with the ground, reflects an arbitrary application of the abstract Review Criteria.

Finally, the Smiths submitted affidavits from neighbors opining that the driveway expansion is aesthetically acceptable and consistent with the neighborhood. While such opinions are not dispositive, *see Raintree*, 342 N.C. at 164, they contribute

SMITH V. FORGE CREEK AT FLOWERS PLANTATION HOMEOWNERS ASS'N, INC.

*Opinion of the Court*

to the factual context in which a jury could assess whether the ARC's decision was reasonable and in good faith.

Here, the record contains competing evidence on several material points:

- Whether the difference between the approved and constructed driveway meaningfully affects the "scale," "design compatibility," or view of the house from the street.

- Whether the ARC's stated concerns about blocking the view and proportionality are reasonably applied.

- Whether the ARC has applied the Review Criteria consistently across the community.

- Whether the ARC's refusal to approve the full expansion reflects a good-faith aesthetic judgment or an arbitrary line-drawing.

The answers to these questions turn on credibility, weight of evidence, and the reasonableness of inferences–matters reserved for the factfinder. *See id.* at 165. On this record, we cannot say as a matter of law that the ARC's decision was reasonable and in good faith, nor can we say as a matter of law that it was arbitrary or unreasonable. Both parties' motions for summary judgment on the arbitrariness issue therefore should have been denied.

Accordingly, we vacate the order granting summary judgment to the Smiths, affirm the order denying summary judgment to the HOA, and remand for a trial on the merits.

**B. Preliminary injunction and Rule 65(c)**

SMITH V. FORGE CREEK AT FLOWERS PLANTATION HOMEOWNERS ASS'N, INC.

*Opinion of the Court*

The HOA also challenges the preliminary injunction, arguing, among other things, that the trial court failed to consider the security requirement of Rule 65(c) of the North Carolina Rules of Civil Procedure. We agree.

We review the grant of a preliminary injunction for abuse of discretion, but we review whether the trial court complied with Rule 65(c)'s security requirement de novo as a question of law. *See Keith v. Day,* 60 N.C. App. 559, 560 (1983).

Rule 65 governs injunctions and subsection (c) provides:

> No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the judge deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

N.C. Gen. Stat. § 1A-1, Rule 65(c) (2025). A trial court's failure to "expressly . . . consider the question of requiring a bond" constitutes reversible error. *Keith*, 60 N.C. App. at 562.

The preliminary injunction order in this case does not mention security, bond, or Rule 65(c). Nor does the transcript of the preliminary injunction hearing indicate that the trial court considered whether to require security or the amount thereof. The Smiths argue that the HOA did not request a bond and that no harm would result from the injunction. But Rule 65(c) places the obligation on the trial court to consider security; it does not depend on a party's request. *Id.*

SMITH V. FORGE CREEK AT FLOWERS PLANTATION HOMEOWNERS ASS'N, INC.

*Opinion of the Court*

Because the trial court failed to expressly consider the question of security, the preliminary injunction must be vacated. Given our disposition of the summary judgment appeal and the remand for trial, we do not address the other challenges to the preliminary injunction.

### III. Conclusion

The record establishes, as a matter of law, that the Smiths constructed a driveway expansion exceeding the scope of the ARC's conditional written approval, thereby violating the Declarations' requirement of prior written approval. However, the record also contains competing evidence on whether the ARC's refusal to approve the full expansion and its insistence on a narrower driveway were arbitrary or unreasonable. That question presents a genuine issue of material fact inappropriate for resolution on summary judgment.

We therefore vacate the order granting summary judgment to the Smiths, affirm the order denying summary judgment to the HOA, and remand for a trial. We vacate the preliminary injunction for failure to comply with Rule 65(c).

VACATED IN PART; AFFIRMED IN PART; and REMANDED.

Judges TYSON and GORE concur.