Leona WEBER, Plaintiff-Appellant,

v.

T. R. CONEY, U.S. Marshall, and J. A. "Tony" Canales, U.S. Attorney, etc., Defendants-Appellees.

No. 80–1656
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

March 9, 1981.
Rehearing Denied May 15, 1981.

Leona Weber, pro se.

J. A. "Tony" Canales, U. S. Atty., Houston, Tex., for defendants-appellees.

Before GEE, RUBIN and RANDALL, Circuit Judges.

PER CURIAM:

Some months ago appellant Weber requested, under the Freedom of Information Act (FOIA), a copy of all records kept by the United States Marshal and the "U.S. Justice Department" at Houston, Texas. Receiving replies that she deemed unsatis-

factory, she filed suit, *pro se*, seeking injunctive relief directing defendants to disclose the requested information. The government's oral motion for an extension of time until January 1, 1979, in which to answer was granted on October 27, 1978. On December 29, 1978, the government filed a motion to dismiss or for summary judgment. After a hearing, the motion was granted. On this appeal, she seeks relief of various kinds. We deal with her claims seriatim.

I. *Writ of Mandamus.*

In her brief to us, Ms. Weber petitions the court to issue a writ of mandamus commanding District Judges Black and Gibson to vacate a docket entry transferring her case from Houston to the Galveston Division. She contends that Judge Black should be disqualified from hearing her case, that her case was improperly transferred by Judge Black to Judge Gibson's court in Galveston, that Judge Gibson's court lacks subject-matter jurisdiction, and that the judgment does not terminate the action because Judge "Gibson refuse[d] to hear the remaining issues."

Mandamus is an extraordinary remedy that lies only to confine a lower court within its jurisdiction or to compel it to perform ministerial, not discretionary, functions. *In re Evans*, 524 F.2d 1004, 1007 (5th Cir. 1975). We have uniformly declined to issue the writ except upon a strong showing of necessity for its use. *Steward v. West*, 449 F.2d 324, 325 (5th Cir. 1971). For the reasons given below, such a showing has not been made here.

A. *Disqualification of Judge Black.*

Ms. Weber's complaint to us that Judge Black should have disqualified himself in the case is wide of the mark in several respects. It is untimely because she filed the motion to disqualify about one year after the case was assigned to Judge Black, about four months after the case was transferred to Judge Gibson, and three days after Judge Gibson rendered a final judgment. *See* 28 U.S.C. § 144. It is moot and

frivolous because Judge Black did not decide her case.

## B. *Improper Transfer and Subject-Matter Jurisdiction.*

Next Ms. Weber contends, in essence, that the Gibson court lacked jurisdiction because a venue statute or local rule was violated in assigning the case there. Neither statute nor rule is jurisdictional. The FOIA places jurisdiction in the judicial *district* where complainant resides, not to particular courts within that district. 5 U.S.C. § 552(a)(4)(B). Any district court in the Southern District of Texas would have had jurisdiction to hear the complaints and proper venue under 28 U.S.C. § 1391(e)(4) or § 1404. Ms. Weber misconstrues section 1404. That section clearly provides that, for the convenience of parties and in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been brought.* Ms. Weber's action might have been brought in the Galveston Division. Moreover, the district court has wide discretion to determine whether to transfer for the convenience of parties and in the interest of justice. *Bearden v. United States*, 320 F.2d 99, 101 (5th Cir. 1963), *cert. denied*, 376 U.S. 922, 84 S.Ct. 679, 11 L.Ed.2d 616 (1964). Our review discerns no abuse of discretion. Finally, Ms. Weber's voluntary appearance in the action waives the defects, if any, as to venue. *Murphy v. Travelers Insurance Co.*, 534 F.2d 1155, 1159 (5th Cir. 1976). Although she protested the venue change in general terms when she appeared before the court, she concluded by stating, "I don't really oppose the venue because I would like to have a hearing in this case." She was granted a hearing forthwith.

## C. *Attorney's Fees.*

Ms. Weber argues that her claim is still pending because Judge Gibson failed to adjudicate her claim for attorney fees. She is mistaken; these were necessarily denied when the court dismissed her action and taxed its costs against her and when the court denied her motion for a hearing

on that express subject and others by order of June 12, 1980. Such an award is not automatic but is left to the sound discretion of the trial court. *Chamberlain v. Kurtz*, 589 F.2d 827, 842 (5th Cir.), *cert. denied*, 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979). Ms. Weber had the opportunity to present her claims and did so at the hearing before Judge Gibson and in her reply to defendants' motion for summary judgment. The record neither indicates, nor has Ms. Weber shown, any abuse of discretion.

## II. *Appellate Issues.*

Before us Ms. Weber claims a mandatory right to a *de novo* hearing, that the government must file an answer to her FOIA complaint, that she is entitled to a default judgment, and that the government was not entitled to summary judgment.

The FOIA provides for a *de novo* determination on the issue of withholding records. 5 U.S.C. § 552(a)(4)(B). However, that provision presupposes the existence of records, and here the government, by affidavits, denies the existence of any requested records. In these circumstances summary judgment was appropriate, as we discuss below.

The FOIA also provides generally that, notwithstanding any other provision of law, a defendant must serve an answer within 30 days. 5 U.S.C. § 552(a)(4)(C). The key words are "30 days," not "answer." *See* H.R.Rep.No.93–876 and Conf.Rep.No.93–1200, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Ad.News 6267 and 6285. Ms. Weber misunderstands section 552(a)(4)(C).

Nor is Ms. Weber entitled to a default judgment because the government failed to "answer" in 30 days. Under 5 U.S.C. § 552(a)(4)(C), a defendant must answer or otherwise plead within 30 days unless the court otherwise directs for good cause shown. Ms. Weber claims that the court erred in not granting her show-cause order. As pointed out above, an "answer" is not the only response permitted under the FOIA. The government sought and obtain-

ed an extension of time to answer, after which it filed a motion for summary judgment, which was granted. No "answer" was required.

 Ms. Weber next complains that the court erred in granting the motion for summary judgment. She contends generally that the court's order has a fatal inconsistency, that she was denied her right to take depositions, that the affidavits were defective, that the court violated Fed.R.Civ.P. 56(c) and (f), that there were fact issues in dispute, and that the hearing was "tainted." These complaints lack merit. The grant of summary judgment was correct because there was no genuine issue of material fact. All of the agencies involved stated, under oath, that all of the records in their possession had been delivered to Ms. Weber. Under Fed.R.Civ.P. 56(e), Ms. Weber may not rest on mere allegations or denials of pleadings; she must, by affidavit or other appropriate means, set forth specific facts establishing the existence of a genuine issue for trial or at the least showing why she cannot do so. For whatever reasons, Ms. Weber chose not to submit any affidavit or other appropriate response to the government's affidavits. The granting of the motion was proper.

Finally, Ms. Weber, by separate motion, asks that her appeal take precedence on the docket. Under Local Rule 19, a writ of mandamus and a FOIA request are to be given some preference in processing and disposition, and we have sought to act expeditiously.

AFFIRMED.