817 F.2d 757
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John E. REINIER, Plaintiff-Appellant,
v.
U.S. DEPARTMENT OF LABOR, OFFICE OF the SOLICITOR,
Defendant-Appellee.
 No. 86-3741.
 United States Court of Appeals, Sixth Circuit.
 May 12, 1987.
 
 Before GUY and BOGGS, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit, and upon examination of the record and briefs, we conclude that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff filed his complaint for injunctive relief pursuant to the Freedom of Information Act, 5 U.S.C. Sec. 552(a) and the Privacy Act, 5 U.S.C. Sec.552a(d)(1). Plaintiff alleged that while pursuing his claim for federal employees' compensation benefits, he was denied full disclosure of records pertaining to his claim by the Office of Worker's Compensation Programs. The defendant moved for summary judgment on the grounds that all information in their possession was provided to the plaintiff. In support of the motion, the defendant submitted the affidavit of the Assistant Deputy Commissioner of the Office of Worker's Compensation Programs along with numerous exhibits including correspondence between the parties referring to information that was provided. This evidence established that there was no genuine issue of material fact. Plaintiff failed to submit any evidence impugning the affidavit or contradicting the exhibits. Thus, the district court granted summary judgment for the defendant and dismissed plaintiff's action.
 
 
 3
 We conclude that summary judgment was properly entered for the defendant. The defendant's motion established that there was no genuine issue of material fact and that they were entitled to judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure; Shavrnoch v. Clark Oil and Refining Corp., 726 F.2d 291, 293 (6th Cir. 1984). See also Weber v. Coney, 642 F.2d 91, 94 (5th Cir., Unit A 1981). With entitlement having been established by defendant, plaintiff was required to present like evidence to raise a genuine issue of material fact or rebut defendant's right to a judgment as a matter of law; he could not simply rest on his pleadings as he did in this case.
 
 
 4
 Therefore, we affirm the order of the district court. Rule 9(b)(5), Rules of the Sixth Circuit.