[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 4, 2010
JOHN P. LEY
ACTING CLERK

_____

No. 09-12693
Non-Argument Calendar

_____

D. C. Docket No. 05-80106-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEDON DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 4, 2010)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Kedon Davis appeals the district court's denial of his 28 U.S.C. § 1361

motion for the issuance of a writ of mandamus to compel the government to file on his behalf a Federal Rule of Criminal Procedure Rule 35(b) ("Rule 35") substantial assistance motion. On appeal, Davis argues that the district court erred in denying mandamus relief because the evidence showed that the government acted in bad faith. Davis further argues that because the government's refusal to file a Rule 35 motion amounted to a breach of the plea agreement, he was entitled to an evidentiary hearing on his motion.

On March 17, 2006, Davis pleaded guilty to one count of manufacturing fifty grams or more of crack cocaine in violation of 21 U.S.C. §841(a)(1) and -(b)(1)(A). His written plea agreement stated that the United State Attorney's Office retained the right to exercise "sole and unreviewable judgment" over the nature of the cooperation Davis provided to law enforcement, as a prelude to making an appropriate motion before or after sentencing to reduce the terms of Davis's punishment. "[N]othing in this Agreement may be construed to require this Office to file any such motion(s) and . . . this Office's assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding insofar as the appropriateness of this Office's filing of any such motion is concerned," the plea agreement further stated.

After sentencing, Davis filed no direct appeal. A year and a half later, he

filed a motion to compel the government to tender specific performance of his plea agreement, which motion the district court denied. More than a year after that denial, Davis subsequently filed a motion for a writ of mandamus, which the district court denied. This timely appeal followed.

A district court has original jurisdiction to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. We review a district court's refusal to grant a petition for a writ of mandamus for an abuse of discretion. *See Schlagenhauf v. Holder*, 379 U.S. 104, 111 n.8, 85 S. Ct. 234, 239 n.8 (1964) (recognizing that the issuance of a writ of mandamus "is itself generally a matter of discretion").

A writ of mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes" and will issue only in "exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion." *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380, 124 S. Ct. 2576, 2586–87 (2004) (internal citations and quotations omitted). A writ of mandamus is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available. *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003) (per curiam) (internal citation and quotation omitted). Mandamus "lies only to confine

a lower court within its jurisdiction or to compel it to perform ministerial, not discretionary, functions." *Weber v. Coney*, 642 F.2d 91, 92 (5th Cir. Unit A Mar. 1981).[1]  "The party seeking mandamus has the burden of demonstrating that its right to issuance of the writ is clear and indisputable." *In re BellSouth Corp.*, 334 F.3d 941, 953 (11th Cir. 2003) (citations and quotation omitted).

Under Rule 35, a court may reduce a sentence, even to a level below the statutory minimum, upon a motion of the government.  Fed. R. Crim. P. 35(b). The government has "a power, not a duty," to file a Rule 35 motion when the defendant has provided substantial assistance.  *Wade v. United States*, 504 U.S. 181, 185, 112 S. Ct. 1840, 1843 (1992).  "[T]he courts are precluded from intruding into prosecutorial discretion." *United States v. Forney*, 9 F.3d 1492, 1501 (11th Cir. 1993).  We will "not evaluate the assistance rendered by a defendant offering cooperation as a term of his plea agreement unless and until the government makes a 5K1.1 [or Rule 35] motion for downward departure based on substantial assistance." *Id.*  An exception may lie when there is a specific agreement to file a substantial assistance motion. *Id.* at 1503 n.5.  In the absence of specific agreement, we only review failure to file a Rule 35 motion when the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit handed down prior to the close of business on Sept. 30, 1981.

defendant makes a substantial threshold showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race, religion, or other arbitrary classification. *Id.* at 1501–02 & n.4. Review is also appropriate where the government's refusal to file a motion was not rationally related to a legitimate government purpose. *Wade*, 504 U.S. at 186, 112 S. Ct. at 1844.

While "a showing of assistance is a necessary condition for relief, it is not a sufficient one." *Id.* at 187, 112 S. Ct. at 1844. As such, where a defendant claims merely that he has provided substantial assistance, without anything else, supplemented only by "additional but generalized allegations of improper motive," he will not be entitled to "a remedy or even to discovery or an *evidentiary hearing*." *Id.* at 186, 112 S. Ct. at 1844 (emphasis added).

We have held that an allegation of bad faith is not an allegation of unconstitutional motivation. *Forney*, 9 F.3d at 1500–01 & n.3 (concluding that defendant did not reserve the issue of bad faith on appeal because he did not allege an unconstitutional motivation by the government). We have firmly rejected approaches that have held otherwise. *Id.* at 1501–02 & n.4. Furthermore, we have interpreted a bad faith challenge to be a generalized allegation of improper motive under *Wade*, and thus impermissible altogether. *Id.* at 1502 & n.5.

5

In this case, Davis failed to make the substantial threshold showing that would entitle him to any relief under these circumstances. He has not alleged a constitutionally impermissible motive on the part of prosecutors for declining to file a Rule 35 motion on his behalf, nor has he shown that any act or lack of action by the government was not rationally related to a legitimate government purpose. Moreover, we would not be in a position to evaluate any purported assistance by Davis unless and until the prosecutor had filed a Rule 35 motion. Having alleged only that he provided substantial assistance and that the government acted in bad faith, without alleging an unconstitutional motive or absence of legitimate purpose, Davis established no right either to relief or an evidentiary hearing. Accordingly, we hold that the district court did not abuse its discretion in denying his motion for the issuance of a writ of mandamus.

**AFFIRMED.**